# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BLINDLIGHT, LLC, | No. CV 17-3497-JAK (PLAx) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| TIMOTHY CUBBISON, et al., | |
| Defendants. | |

On December 1, 2017, plaintiff filed an Ex Parte Application to Shorten Time ("Application" or "App.") (ECF No. 101) for a hearing on plaintiff's Motion to Compel production of documents and further interrogatory responses from defendants ("Motion" or "Mot.") (ECF No. 102). Specifically, plaintiff seeks to compel production of documents mentioned in defendants' Rule 26 disclosures that defendants agreed to produce in their responses to plaintiff's Requests for Production numbers 3-7, 12-17, 23-31, 33-40, 42-54, 56-58, 61-65, 66-78, as well as further responses to Interrogatory numbers 4-8. (Mot. at 5-6). Plaintiff submits that in June and July 2017 defendants agreed to produce documents responsive to plaintiff's Requests for Documents (Sets One and Two) and Interrogatories (Set One) -- which they indicated in their Rule 26 disclosures were in their possession (Mot. Cislo Decl. ¶ 2 Ex. 1) -- once a protective order was in place. (Mot. Cislo Decl. ¶¶ 3-7 Exs. 4-6). Although a Protective Order was issued in this matter

on October 11, 2017, defendants have "failed to provide any responsive documents or responses while refusing to meet and confer and merely alleging time and again to Plaintiff's counsel that they would produce them 'soon' and failing to do so." (App. at 4; Mot. at 4-5; Mot. Cislo Decl. ¶¶ 8-15). On November 6, 2017, defendants' counsel represented to plaintiff's counsel that defendants' response to plaintiff's counsel's November 1, 2017, email would "be ready in another day or two," but no further response from defendants has been forthcoming. (Mot. Cislo Decl. ¶¶ 16, 17). Neither have defendants "produced a single document pursuant to Plaintiff's discovery requests and Defendants own admitted Rule 26 disclosures." (App. at 7; Mot. Cislo Decl. ¶ 8). Plaintiff seeks to have the Motion heard on shortened time because of defendants' "blatant disregard of proper discovery protocol" (App. Cislo Decl. ¶ 11) and if plaintiff were to file a properly noticed motion to compel, the earliest date for the hearing would be January 8, 2018, the discovery cut-off date.[1] (App. at 2). Plaintiff also seeks monetary sanctions in the amount of approximately $9,500. (Mot. at 2, 8-9; Mot. Cislo Decl. ¶ 5).

Plaintiff's counsel states that on December 1, 2017, he notified defendants' counsel of plaintiff's intent to submit an ex parte Application for an order to hear the Motion on shortened time, and defendants' counsel indicated that "he will be producing the documents and responses shortly but will wish to oppose this *ex parte* application." (Mot. Cislo Decl. ¶ 19).

Based on plaintiff's representation that defendants have failed to produce *any documents in this action*, especially in light of the issuance of a Protective Order nearly two months ago and the rapidly-approaching discovery cut-off date, **no later than 12:00 noon on December 5, 2017**, defendants are ordered to show cause:

(1) why plaintiff's Application to have the Motion heard on shortened time should not be granted;

---

[1] The Court notes that pursuant to the District Judge's Order Setting Rule 16(b)/26(f) Scheduling Conference, the discovery cut-off date "means the final day for completion of non-expert discovery, including resolution of all discovery motions."

2

(2) why, despite their promises to do so, no documents have been produced responsive to Requests for Production numbers 3-7, 12-17, 23-31, 33-40, 42-54, 56-58, 61-65, 66-78, and why supplemental responses to Interrogatory numbers 4-8 have not been provided; and

(3) why plaintiff's request for sanctions should not be granted.

**It is so ordered**.

DATED: December 4, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE