# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLINDLIGHT, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TIMOTHY CUBBISON, an individual, AUSTIN SNYDER, an individual, and HORSELESS COWBOY, LLC, a California limited liability company, and Does 1 through 9,<br><br>　　　　Defendants.<br>──────────────────────<br>TIMOTHY CUBBISON, an individual, AUSTIN SNYDER, an individual, and HORSELESS COWBOY, LLC, a California limited liability company,<br><br>　　　　Counterclaimants,<br><br>　　vs.<br><br>BLINDLIGHT, LLC, a California limited liability company, and LEV CHAPELSKY, an individual,<br><br>　　　　Counter-Defendants. | Case No. 2:17-cv-03497-JAK (PLAx)<br><br>**ORDER ENTERING PERMANENT INJUNCTION AND DISMISSING CASE WITH PREJUDICE**<br><br>**JS-6** |

Pursuant to the Stipulated Permanent Injunction and Stipulation of Dismissal submitted by the Parties, the Court hereby enters the following order:

Blindlight, LLC ("Plaintiff" or "Blindlight") and Defendants Timothy Cubbison, Austin Snyder, and Horseless Cowboy, LLC (collectively, "Defendants") have agreed to and submitted proposed Permanent Injunction and Stipulation of Dismissal with Prejudice.

WHEREAS, Blindlight commenced litigation against Defendants by filing a complaint in the United States District Court for the Central District of California, Case No. 2:17-cv-03497-JAK-PLA, asserting claims for: (1) violation of the Federal Computer Fraud and Abuse Act; (2) violation of the California Computer Data Access and Fraud Act; (3) misappropriation of trade secrets under the Defend Trade Secrets Act of 2016; (4) misappropriation of trade secrets under the California Uniform Trade Secrets Act; (5) breach of contract; (6) interference with contract, and (7) unfair competition under California common law (hereafter the "Litigation");

WHEREAS Defendants filed counterclaims for: (1) breach of oral contract by Horseless Cowboy against Blindlight, (2) common count for services rendered by Horseless Cowboy against Blindlight, (3) common count for open book account by Horseless Cowboy against Blindlight, (4) account stated by Horseless Cowboy against Blindlight, (5) failure to pay overtime wages by Snyder against Blindlight, (6) waiting time penalties by Cubbison and Snyder against Blindlight, and (7) slander per se by Cubbison and Snyder against Chapelsky and Blindlight; and

WHEREAS the Court entered a preliminary injunction on July 3, 2017,

enjoining Defendants from "using all files copied by Defendants from Blindlight's computer systems, to solicit business from, or initiate any further contact with, any customer of Blindlight whom Defendants served while employed at Blindlight, and/or any prospective customers or any customers whose identities Defendants' learned of as a result of their employment with Blindlight." *See* Dkt. 73.

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS**:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1030(g), 1836, 1331, and 1367;

2. Effective immediately, Defendants shall immediately and permanently cease throughout the world:

> using all files copied by Defendants from Blindlight's computer systems, to solicit business from, or initiate any further contact with, any customer of Blindlight whom Defendants served while employed at Blindlight, and/or any prospective customers or any customers whose identities Defendants' learned of as a result of their employment with Blindlight.

3. This injunction shall remain in effect until January 19, 2021.

4. This injunction shall not be construed to prevent any party from engaging in videogame voiceover business, so long as the business is conducted in a manner that does not violate the prohibition on the use of files copied by Defendants from Blindlight's computer systems to solicit business from or initiate contact with customers or prospective customers set forth in paragraph 2 hereof.

5. The Court makes no findings as to the Parties' alleged conduct.

6. This action shall be dismissed in its entirety, with prejudice.

7. Blindlight and Defendants shall bear their own respective costs, expenses, and attorney's fees incurred in connection with the above-captioned action as to the claims between or among them.

8. If any of the Parties believes that there has been a violation of the Stipulation or Confidential Settlement Agreement, such party shall notify the other

party of any alleged infringement or other violation of this Agreement and/or Stipulation by electronic mail and First Class Mail to counsel for the party to be notified, as follows: (<u>for Blindlight</u>: Daniel M. Cislo, Esq., Cislo & Thomas LLP, 12100 Wilshire Blvd., Suite 1700, Los Angeles, CA 90025; dan@cislo.com; <u>for Defendants</u>: Steven Formaker, FREEDMAN + TAITELMAN, LLP, 1901 Avenue of the Stars, Suite 500, Los Angeles, CA 90067; sformaker@ftllp.com) (and also and by certified mail or tracked mail to the agent for service of process for the notified party). The notified party shall thereafter make a reasonable investigation of the matter and report the results of the investigation in writing to the notifying party's counsel within thirty (30) days of the date that the electronic mail was sent. During this thirty (30) day period, no action shall be filed before any Court absent exigent circumstances. The Parties, by mutual consent, may extend this thirty (30) period.

9. The foregoing reflects a settlement of this action pursuant to the terms of a separate Confidential Settlement Agreement between Blindlight and Defendants, and the Court retains jurisdiction over the above-captioned action for purposes of enforcing the settlement agreement between Blindlight and Defendants, and this Permanent Injunction.

**IT IS SO ORDERED**.

Dated: January 18, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE